```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA       :
                               :
         v.                    :   CRIMINAL NO. 07-cr-228-JF
                               :
CHUONG LAM                     :

<u>MEMORANDUM</u>

Fullam, Sr. J.                                    January 20, 2010

      Mr. Chuong Lam, who is serving a sentence imposed by this Court on October 30, 2008, as a result of his guilty plea before Judge Giles on April 7, 2008, has now filed a "Motion to vacate the plea conviction and dismiss the indictment or correct sentence pursuant to 28 u.s.c. 22 55." For the following reasons, the petition will be denied.

      Mr. Lam entered into a plea agreement with the government, in which he specifically waived the right to challenge his conviction or sentence. The extensive colloquy before Judge Giles makes clear that Mr. Lam understood what his rights were, and voluntarily agreed to waive them, and that he was satisfied with his attorney's performance.

      In addition to the fact that Mr. Lam waived his right to challenge his conviction and sentence, the record makes clear that there is absolutely no merit in the contentions advanced in his current petition. Mr. Lam characterizes as "after acquired evidence" of his "actual innocence," the fact that the United States Supreme Court, in its June 25, 2009 decision in <u>Melendez-</u>

<u>Diaz v. Massachusetts</u>, has held that reports of chemical analyses are "testimonial," hence, in a criminal case, the defendant has a right to confront the technicians who performed the chemical analysis. The fallacy in this reasoning is obvious. It is true that, if petitioner had stood trial, the government would have found it necessary to present the live testimony of the technicians who performed the chemical analysis, in order to prove that the substance was indeed "Ecstasy." But petitioner entered a plea of guilty, and expressly admitted that the substance was indeed Ecstasy.

Since the petitioner validly waived his right to challenge his conviction and sentence, and since there is plainly no merit whatever in the grounds asserted in the petition, his petition will be denied.

An Order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.